IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY SOPER,

                                                     OPINION and ORDER

                   Plaintiff,

                                          16-cv-164-bbc[1]

        v.

PORTAGE COUNTY SHERIFF'S DEPT.,
JEFF COEY, WAYNE KROPIDLOWSKI
BRIAN MANDEVILLE, MIKE SCHULTZ
PORTAGE COUNTY SHERIFF'S OFFICE SPECIAL RESPONSE TEAM,
DALE O'KRAY, BEN BEAUDOIN,
DAN WACHOWIAK, TRAVIS MORGAN,
TRAVIS LEWANDOWSKI, JASON MEIDL,
RYAN HOFFMAN, JARED MAYER,
MATTHEW MCDONALD, KEVIN FLICK,
KIMBERLY DESROSIER and ANTHONY GISCHIA,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Ricky Soper is suing various entities and individuals associated with Portage County, Wisconsin, arising out of a search and seizure of his property that resulted in a conviction for manufacturing or delivering marijuana.  State v. Soper, No. 2013cf397 (Portage Cty. Cir. Ct.).  In a previous order, Judge Crabb granted the motion to dismiss filed by the State of Wisconsin, Cass Cousins, Thomas Flugaur and Craig Jascor for plaintiff's failure to state a claim upon which relief may be granted.  Dkt. #16.  Now the remaining

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of the case.

defendants have filed their own motion to dismiss on various grounds.  Dkt. #18.

Plaintiff does not provide a summary of his claims anywhere in his complaint or in the document that he calls "Amendment to Pleadings," dkt. #15, which I construe as a supplement to the complaint rather than a replacement for it. In their motion to dismiss, defendants construe plaintiff's complaint as including the following claims: (1) defendants seized a cell phone without a valid warrant; (2) defendants failed to return various confiscated items of plaintiff's personal property that were unrelated to the crime; (3) in the weeks before the search, defendants placed cameras outside plaintiff's home and the cameras captured plaintiff urinating outside; and (4) defendants damaged plaintiff's car and home during the search.  This summary is consistent with my own review of the complaint and supplement, with the exception that plaintiff seems to be complaining that defendants recorded not just him outside, but also his employees and grandchildren.  (Plaintiff does not allege that his employees or grandchildren urinated outside, only that they were present.)

I agree with defendants that claims (1), (2) and (3) should be dismissed for plaintiff's failure to state a claim upon which relief may be granted.  However, I conclude that plaintiff may have a viable claim under the Fourth Amendment with respect to his claim regarding damage to his property.  I am allowing plaintiff to file an amended complaint that identifies the individual officers involved in that alleged conduct.  In addition, plaintiff will have to file proof of service with respect to any defendant identified in the amended complaint.

OPINION

A.  <u>Claims for Warrantless Seizure, Failure to Return Property and Invasion of Privacy</u>

I consider first plaintiffs' claims that (1) defendants seized a cell phone without a valid warrant; (2) defendants failed to return various confiscated items of plaintiff's personal property that were unrelated to the crime; and (3) in the weeks before the search, defendants placed cameras outside plaintiff's home and the cameras captured plaintiff urinating outside.

First, as to plaintiff's claim that defendants seized his cell phone without a warrant, defendants cite the warrant that was issued in this case, which defendants attached to their answer.  Dkt. #17-1.  The warrant authorizes the search and seizure of "electronic devices, including cellular telephones" that are found on plaintiff's property.  Although generally a court cannot consider documents outside the complaint in a motion to dismiss, an exception applies in case like this one in which the plaintiff cites the document in his complaint. <u>Yassan v. J.P. Morgan Chase and Co.</u>, 708 F.3d 963, 975 (7th Cir. 2013).  Plaintiff does not dispute the authenticity of the warrant.

Second, as to plaintiff's claim that various property items have not been returned to him, defendants discuss two potential legal theories, deprivation of property without due process in violation of the Fourteenth Amendment and taking of property without just compensation in violation of the Fifth Amendment.  As to the due process clause, defendants contend that plaintiff has failed to state a claim because he has adequate remedies under state law.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").  In particular, defendants point to Wis. Stat. § 968.20, which authorizes a claim in Wisconsin circuit court for the return of property seized during a search. As defendants point out, this court has found that § 968.20 provides an adequate remedy in other cases under similar circumstances.  Jones v. Farmer, No. 00-C-515-C, 2000 WL 34230090, at *3 (W.D. Wis. Oct. 18, 2000).

With respect to the takings clause, defendants content–correctly– that it applies only to property taken for "public use." U.S. Const. Amend. V  ("[N]or shall private property be taken for public use without just compensation").  It does not apply to items seized in the context of a criminal investigation.  Johnson v. Manitowoc County, 635 F.3d 331, 336 (7th Cir. 2011) ("[T]he Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain. Here, the actions were taken under the state's police power.") (citations omitted); Acadia Technolgy, Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006) ("When property has been seized pursuant to the criminal laws or subjected to in rem forfeiture proceedings, such deprivations are not 'takings' for which the owner is entitled to compensation").

Third, with respect to plaintiff's claim that defendants recorded him while he was urinating outside, defendants contend that plaintiff did not have a reasonable expectation of privacy when he was outside in public view.  California v. Ciraolo, 476 U.S. 207, 213 (1986) ("What a person knowingly exposes to the public, even in his own home or office,

is not a subject of Fourth Amendment protection."); <u>Oliver v. United States</u>, 466 U.S. 170, 178, (1984) ("[A]n individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home.").  (Plaintiff does not allege that defendants placed their cameras on his property or, if they did, that they failed to obtain the necessary authorization for doing so.)  Even assuming that plaintiff has standing to challenge any recording of his employees or grandchildren, <u>Alderman v. United States</u>, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted."), the reasoning of <u>Ciraolo</u> and <u>Oliver</u> would apply equally to them.

Plaintiff did not respond meaningfully to any of these arguments.  In his one-page brief, plaintiff says that he "strongly believe[s]" that defendants violated his rights and he wants "his day in court" that he "paid for."  Dkt. #38.  However, these are not reasons for denying defendants' motion to dismiss.  I have no reason to doubt that plaintiff believes sincerely that defendants treated him unfairly.  It is understandable that plaintiff is upset after his home was subjected to a search and he lost much property that had financial or personal value.  Unfortunately for plaintiff, however, a federal court cannot allow a case to proceed simply because the plaintiff has endured hardship.  Rather, courts must follow the law.  In this case, defendants have made persuasive arguments regarding why the law does not support three of plaintiff's claims.  In the absence of any contrary argument from plaintiff, I see no reason to deny defendants' motion to dismiss with respect to the claims discussed above.  <u>Kirksey v. R.J. Reynolds Tobacco Co.</u>, 168 F.3d 1039, 1042 (7th

Cir.1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.").

When plaintiff says that he "paid for" his "day in court," I understand him to be referring to his payment of the filing fee.  As the name of the fee suggests, that fee was to allow plaintiff to file his lawsuit.  (Individuals who cannot afford to prepay the filing fee may ask for a waiver, 28 U.S.C. § 1915, but plaintiff's income and assets rendered him ineligible for such a waiver.  Dkt. ##2 and 3.)  Paying the filing fee does not give a plaintiff the right to a trial.  Rather, the Federal Rules of Civil Procedure allow a defendant to seek dismissal of a complaint if it is not supported by the law.  Fed. R. Civ. P. 12(b)(6).

## B.  Property Damage Claim

Defendants largely overlooked plaintiff's allegation that defendants damaged his car and home during the search.  Their only argument for its dismissal is that "Wisconsin law provides a common-law tort remedy . . . for property damage."  Dkt. #31 at 10.  However, this argument rests on the assumption that the claim is best analyzed as a deprivation of property under the due process clause.  That is incorrect because plaintiff is not alleging that defendants *took* his home and car; he is alleging that they damaged it in the context of searching it.  Thus, plaintiff's claim is more appropriately viewed as alleging an unreasonable search.  Petkus v. Richland County, Wisconsin, 767 F.3d 647, 652-53 (7th Cir. 2014) (upholding jury verdict that officers violated Fourth Amendment by causing "needless

damage on [plaintiff's] property" in context of search).  Under that theory, plaintiff has a potentially viable claim.

However, plaintiff is not yet home free, for two reasons.  First, as defendants point out, plaintiff does not identify which of the many defendants were involved in causing the property damage.  Rather, plaintiff alleges only that "officers" damaged his "collector car" by "throwing air conditioning duct work on it" and damaged the outside of the house with a "simulator grenade."  Dkt. #15 at 2.  Plaintiff's failure to identify particular defendants is a problem because a defendant cannot be held liable for a constitutional violation unless he or she was personally involved in the alleged conduct.  Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012).  Further, under federal pleading rules, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful."  Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013).  Accordingly, I will give plaintiff an opportunity to file an amended complaint that identifies which officers were involved in damaging his property.  United States v. $196,969.00 U.S. Currency, 719 F.3d 644, 647 (7th Cir. 2013) ("[P]arties usually get a chance for a do-over of a complaint that fails to state a claim but may be reparable.").

A second potential problem is that plaintiff has not served his complaint on all of the defendants or obtained a waiver of service from them, as he is required to do under Fed. R. Civ. P. 4.  In particular, plaintiff has not filed proof of service with respect to the following defendants: Wayne Kropidlowski, Brian Manderville, Dale O'Kray, Dan Wachowiak, Travis Morgan, Travis Levandowski, Jason Meidl, Ryan Hoffman, Jared Mayer, Matthew

McDonald, Kevin Flick, and Kimberly DesRosier. Dkt. #6. If plaintiff includes any of these defendants in his amended complaint, he will have to accompany his amended complaint with proof of service for each of those defendants or show cause why he has not yet served those defendants.

### C. Entity Defendants

One final matter requires attention. Plaintiff includes two entities in his caption, the "Portage County Sheriff's Department" and the "Portage County Sheriff's Office Special Response Team." As defendants point out, these two entities cannot be sued because they are simply part of Portage County. Barlass v. Carpenter, No. 10-cv-454-slc, 2010 WL 3521589, *3 (W.D. Wis. Sep. 7, 2010) ("Wisconsin municipalities may be sued, Wis. Stat. § 62.25, but individual agencies and departments may not."). If plaintiff intended to sue Portage County, he has failed to state a claim upon which relief may be granted. Portage County cannot be held liable for a constitutional violation unless its own policies, customs or practices caused the violation. Dixon v. County of Cook, 819 F.3d 343, 348 (7th Cir. 2016). Because plaintiff has not alleged that the officers damaged his property in accordance with a policy, practice or custom of Portage County, he cannot proceed against the county.

### ORDER

IT IS ORDERED that

1. Plaintiff Ricky Soper's original, dkt. #1, and supplemental complaint, dkt. #15,

are DISMISSED.

2.  Plaintiff may have until January 26, 2017, to do the following: (1) file an amended complaint in which he identifies each of the officers involved in allegedly damaging his car and home, specifying to the extent  he is able what each defendant did; and (2) if he has not already done so, file proof of service with respect to any defendant in the amended complaint or show cause why he has not yet served that defendant or those defendants.

3.  If plaintiff does not respond by January 26, I will dismiss the case with prejudice and direct the clerk of court to enter judgment.


Entered January 6, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge