IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY SOPER,

                        Plaintiff,

  v.

PORTAGE COUNTY SHERIFF'S DEPT.,
JEFF COEY, WAYNE KROPIDLOWSKI
BRIAN MANDEVILLE, MIKE SCHULTZ
PORTAGE COUNTY SHERIFF'S OFFICE SPECIAL
RESPONSE TEAM,
DALE O'KRAY, BEN BEAUDOIN,
DAN WACHOWIAK, TRAVIS MORGAN,
TRAVIS LEWANDOWSKI, JASON MEIDL,
RYAN HOFFMAN, JARED MAYER,
MATTHEW MCDONALD, KEVIN FLICK,
KIMBERLY DESROSIER and ANTHONY GISCHIA,

                        Defendants.

ORDER

16-cv-164-bbc[1]

---

      In a previous order, Dkt. 42, I identified problems with the complaint in this case. Now before the court is plaintiff Ricky Soper's attempt to fix those problems. Dkt. 44. I begin with some background.

      This case arises out of a search and seizure of pro se plaintiff Ricky Soper's property by various law enforcement officials. Much of Soper's original complaint focused on defendants' alleged failure to return property that was unrelated to the charged crime, selling marijuana. In the January 6, 2017 order, Dkt. 42, I considered whether Soper's allegations stated a claim under the Due Process Clause or the Takings Clause of the United States Constitution. I concluded that Soper did not have a claim under the Due Process Clause

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of this case.

because he had an adequate remedy under Wis. Stat. § 968.20, which allows a person to seek the return of seized property in state court. I concluded that Soper did not have a claim under the Takings Clause because that clause does not apply to property seized in the context of a criminal investigation. I also dismissed claims that defendants violated the Fourth Amendment by searching his home and seizing his property without a warrant and by recording Soper and his family while they were outside the house. However, I concluded that Soper had adequately alleged that defendants had conducted the search in an unreasonable manner, in violation of the Fourth Amendment, by "throwing air conditioning duct work on" his car and using a "simulator grenade" outside his house. Dkt. 15 at 2. *See also Petkus v. Richland County, Wisconsin*, 767 F.3d 647, 652-53 (7th Cir. 2014) (upholding jury verdict that officers violated Fourth Amendment by causing "needless damage on [plaintiff's] property" in context of search).

The problem with Soper's claim regarding the reasonableness of the search was that he had not identified which officers had allegedly harmed his duct work and used the grenade. Accordingly, I gave Soper an opportunity to clarify that issue.

In his response, Dkt. 44, Soper attempts to reargue many claims that the court dismissed. However, there is nothing in Soper's submission showing that I erred in dismissing many of his claims, so I decline to discuss those further. Plaintiff also cites Wis. Stat. § 968.20 as a basis for requiring defendants to return his property, but federal courts do not have authority to require public officials to comply with state law. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101 (1984). If Soper believes that he is entitled to a return of his property under § 968.20, he will have to seek relief in Wisconsin state court.

As to his claim regarding damage to his property and use of the grenade (which he now calls a "flash grenade" rather than a "simulator grenade"), Soper says that he does not know which officers were involved because those events occurred outside while he was detained inside his house. Dkt. 44, at 2. In this circuit, when a plaintiff does not know the identity of a particular defendant, the general rule is that the plaintiff should be permitted to conduct discovery to learn the information that he needs. *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Accordingly, I will allow Soper to proceed against those officers that he has served with his complaint because I understand him to be alleging that each of those officers was involved in the search of his home.

I will dismiss the defendants not served: Wayne Kropidlowski, Brian Manderville, Dale O'Kray, Dan Wachowiak, Travis Morgan, Travis Levandowski, Jason Meidl, Ryan Hoffman, Jared Mayer, Matthew McDonald, Kevin Flick, and Kimberly DesRosier. I instructed Soper in the January 6 order that these defendants would be dismissed if he did not file proof of service, Dkt. 42, at 8, which he has failed to do. In fact, Soper admits that he has not served and has no intention of serving these defendants. Dkt. 44, at 4.

Because it is possible that the served individual defendants do not have custody or control over information that Soper needs, I will allow Soper to proceed against Portage County as well. Although Soper incorrectly named nonsuable entities "Portage County Sheriff's Department" and the "Portage County Sheriff's Office Special Response Team" in his caption, I will substitute Portage County because Soper served the complaint on the clerk of court for Portage County, Dkt. 6, at 5, who may accept service for the county. Fed. R. Civ.

3

P. 4(j)(2)(B) (complaint against local government may be served in accordance with state law); Wis. Stat. § 801.11(4) (complaint against county may be served on clerk of court).

It is Soper's burden to prove his claim against each defendant, so it will be up to Soper to conduct discovery to learn the identities of the officer or officers involved in the alleged use of the grenade and property damage. Neither defendants nor the court will do this for him. Soper may wish to review the Federal Rules of Civil Procedure related to discovery, such as Rule 26 through Rule 36 and Rule 45. If Soper is unable to prove at summary judgment or trial that particular defendants violated his Fourth Amendment rights by using a grenade or damaging his property needlessly, the claim may be dismissed. Also, if Soper learns that an officer who is not a defendant is responsible for these actions, he will have to arrange for service on that officer or the claim will be dismissed.

In light of the discovery that Soper will need to do, the March 10, 2017 deadline for summary judgment motions is not realistic. Accordingly, I am striking the schedule and directing the clerk of court to set a new scheduling conference before Magistrate Judge Stephen Crocker.

In closing, I remind Soper that the only claim remaining in this case is that officers searched his home in an unreasonable manner by using a grenade and damaging his property. In the future, the court will disregard any references that Soper makes to other claims.

ORDER

IT IS ORDERED that:

1. Portage County is SUBSTITUTED for defendants "Portage County Sheriff's Department" and "Portage County Sheriff's Office Special Response Team."

2. Soper may proceed on a claim that defendants Portage County, Jeff Coey, Anthony Gischia, Mike Schultz, and Ben Beaudoin unreasonably searched Soper's home by using a grenade during the search and damaging his property, in violation of the Fourth Amendment.

3. Defendants Wayne Kropidlowski, Brian Manderville, Dale O'Kray, Dan Wachowiak, Travis Morgan, Travis Levandowski, Jason Meidl, Ryan Hoffman, Jared Mayer, Matthew McDonald, Kevin Flick, and Kimberly DesRosier are DISMISSED for Soper's serve them with the complaint.

4. The case schedule is STRUCK. The clerk of court is directed to set a new scheduling conference before Magistrate Judge Stephen Crocker.

Entered February 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge