IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY SOPER,

                Plaintiff,

    v.

PORTAGE COUNTY, JEFF COEY,
MIKE SCHULTZ, BEN BEAUDOIN
and ANTHONY GISCHIA,

                Defendants.

OPINION AND ORDER

16-cv-164-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case arises out of a criminal investigation that led to pro se plaintiff Ricky Soper's conviction in state court for growing marijuana. In his complaint, plaintiff raised many claims against many defendants, but the court dismissed all of them with the exception of a claim that defendants Jeff Coey, Anthony Gischia, Mike Schultz and Ben Beaudoin (all of whom are officers for the Portage County sheriff's office or the Stevens Point police department) unreasonably searched plaintiff's home by using a "grenade" outside his house that damaged his property and by "throwing air conditioning duct work" on his car, in violation of the Fourth Amendment. Petkus v. Richland County, Wisconsin, 767 F.3d 647, 652-53 (7th Cir. 2014) (causing "needless damage on [plaintiff's] property" in context of search may violate Fourth Amendment). The court allowed plaintiff to proceed against Portage County, not because plaintiff alleged that the county had violated his rights, but

1

because plaintiff said he did not know which officers were responsible for damaging his property and it was possible that the individual officers plaintiff sued would not have custody or control over the information that plaintiff needed to determine the responsible party or parties.

Defendants have filed a motion for summary judgment, dkt. #49, which is ready for review. Because I conclude that no reasonable jury could find in plaintiff's favor on his claim, I am granting defendants' motion.

OPINION

A. Flash Bang Grenade

Defendants admit that officers on the scene used what they call a flash bang grenade outside plaintiff's house before they began their search. (The parties do not explain what flash bang grenades are, but the Court of Appeals for the Seventh Circuit has described them as "explosive devices . . . that are intended to stun and disorient persons, thus rendering them harmless, by emitting blinding flashes of light and deafening sounds." Milan v. Bolin, 795 F.3d 726, 728-29 (7th Cir. 2015).) Despite their concession that they used the device, defendants argue that they cannot be held liable for violating the Fourth Amendment for three reasons. First, they say it is undisputed that officers other than defendants were involved in the search and each defendant denies that he deployed the grenade. Dfts.' PFOF ¶¶ 14-17, dkt. #61. (Plaintiff originally sued other officers, but they were dismissed because plaintiff failed to serve them. Dkt.#42 at 8-9.) Second, defendants say that it was

2

reasonable to use the flash bang grenade because their records showed that plaintiff had been convicted of "resisting/obstructing an officer" and had drawn firearms on officers in the past. Dfts.' PFOF ¶¶ 9-11, dkt. #61. (Although defendants cite these records as "Exhibit B" in their proposed findings of fact, I do not see that exhibit on the docket sheet.) Third, defendants say that plaintiff was not harmed by the grenade because officers used it outside the house while he was inside and it caused no damage to any of plaintiff's property. Id. at ¶¶ 21-23. Plaintiff does not deny that he sustained no physical injuries or property damage from the blast, but he says that it caused him emotional distress.

As to defendants' first argument, it is well established that an officer cannot be held liable for violating the Constitution unless he was "personally involved" in the alleged misconduct. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012). In this case, plaintiff has adduced no evidence that one of more of the defendants was involved in deploying the flash bang grenade. He admits that he does not know who was involved and that he has conducted no discovery to uncover that information or otherwise made any effort to determine whether any of the defendants were personally involved in the alleged conduct. Plt.'s Resp. to Dfts.' PFOF ¶¶ 18-20, dkt. #61. It is plaintiff's burden to prove his claim, not defendants' burden to disprove it, Sterk v. Redbox Automated Retail, LLC, 770 F.3d 618, 627 (7th Cir. 2014), so plaintiff's failure to adduce any evidence on this issue is fatal to the claim. He cannot rely on speculation. Lewis v. Mills, 677 F.3d 324, 331-32 (7th Cir. 2012).

The only potential exception relates to defendant Gischia. Although I must accept

as true that Gischia did not *deploy* the grenade, Gischia does not say whether he was involved in the *decision* to deploy the grenade and he admits that he was the "lead officer" of the investigation. Dfts.' PFOF ¶ 6, dkt. #61. Arguably, it would be reasonable to infer from Gischia's position that he approved the decision, which would be sufficient to show personal involvement. Backes v. Village of Peoria Heights, Illinois, 662 F.3d 866, 869-70 (7th Cir. 2011) ("[A] supervisor may still be personally liable for the acts of his subordinates if he approves of the conduct and the basis for it.") (internal quotations omitted).

Even if I draw that inference in plaintiff's favor, I conclude that the undisputed facts show that no reasonable jury could find that the use of the flash bang grenade violated the Fourth Amendment. In some cases, the Court of Appeals for the Seventh Circuit has stated that the use of flash bang grenades should be limited. E.g., Estate of Escobedo v. Bender, 600 F.3d 770, 784-85 (7th Cir. 2010) (summarizing dicta from previous case that "the use of a flash bang grenade is reasonable only when there is a dangerous suspect and a dangerous entry point for the police, when the police have checked to see if innocent individuals are around before deploying the device, when the police have visually inspected the area where the device will be used and when the police carry a fire extinguisher"). But see Flournoy v. City of Chicago, 829 F.3d 869, 875 (7th Cir. 2016) (upholding jury's finding that flash bang grenade did not violate Fourth Amendment without citing Escobedo or discussing most of the factors identified in that case). However, the cases in which the court of appeals has been critical of flash bang grenades all involved use such a grenade *inside* a residence, where injury to a suspect or bystander was a significant risk. E.g., Milan, 795

4

F.3d at 728–29; Escobedo, 600 F.3d at 784-85; United States v. Morris, 349 F.3d 1009 (7th Cir. 2003); United States v. Jones, 214 F.3d 836, 837-38 (7th Cir. 2000). Because the officers in this case used the flash bomb grenade outside, did not endanger plaintiff's safety and did not damage his property, I see no basis for concluding that the use of the device was unreasonable, particularly because plaintiff does not dispute that his criminal record includes an allegation that he had drawn a weapon on an officer in the past. Although plaintiff says that the device "scared the shit out of" him, Plt.'s Resp. to Dfts.' PFOF ¶ 24, dkt. #61, I conclude that the risk of startling plaintiff is not sufficient to render the officers' conduct unreasonable. Accordingly, defendants are entitled to summary judgment on that ground as well.

B. Damage to Plaintiff's Car

In his complaint, plaintiff alleged that officers damaged his car by throwing air conditioning duct work on it. However, he admits now in his responses to defendants' proposed findings of fact that he "is not seeking damages for the scratches to the car" and that any damage to his car is "irrelevant," Plt.'s Resp. to Dfts.' PFOF ¶¶ ¶¶ 38-39, dkt. #61, suggesting that he has abandoned the claim. (Defendants cite plaintiff's deposition testimony for these propositions, but they did not include that deposition testimony with their summary judgment materials. However, even without the deposition, I may rely on any proposed findings of fact that plaintiff did not dispute. Fed. R. Civ. P. 56(c) (party may rely on "stipulations" to show that "a fact cannot be . . . genuinely disputed"); Procedure to

5

Be Followed on Motions for Summary Judgment II.C., dkt. #14 ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.").

Even if I do not treat plaintiff's responses as a withdrawal of this claim, no reasonable jury could find in plaintiff's favor. In his responses to defendants' proposed findings of fact, he admits that he did not see anyone damaging his car. Plt.'s Resp. to Dfts.' PFOF ¶ 33, dkt. #61. Instead, he says that he believes that officers damaged his car because there are scratches on it and because he heard the sound of "metal sliding on metal" outside his house during the search. Id. at ¶¶ 27, 34. However, plaintiff does *not* allege that the scratches first appeared on his car after the search. Rather, he admits that the scratches could have been caused by tree branches hanging over the car and that it is "very possible" that the sound he heard was just a piece of ductwork rubbing against another piece of ductwork. Id. at ¶¶ 35-37. Further, all of the defendants deny that they placed ductwork on plaintiff's car, Dfts.' PFOF ¶ 42, dkt. #61, and plaintiff points to no evidence calling their testimony into doubt. Again, because a finding in plaintiff's favor would require a jury to speculate without supporting evidence, defendants are entitled to summary judgment on this claim as well.

## C. Confiscated Property

Throughout this case, plaintiff has alleged that officers took property belonging to him that had nothing to do with his grow operation and he has asked the court to require defendants to return the property. Plaintiff has continued this line of argument in his

summary judgment materials, devoting all of his own proposed findings of fact to questions related to allegedly unreturned property. Dkt. #58 at 3-4.

I cannot consider any of plaintiff's proposed findings of fact because they relate to claims that have been dismissed from the case. In an order dated January 6, 2017, dkt. #42, the court considered whether plaintiff could sue for the return of his property under either the takings clause or the due process clause and concluded that neither clause could provide plaintiff relief. As to the takings clause, the court concluded that it does not apply in the context of criminal investigation. Id. at 4. See also Johnson v. Manitowoc County, 635 F.3d 331, 336 (7th Cir. 2011) ("[T]he Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain. Here, the actions were taken under the state's police power.")(citations omitted); Acadia Technolgy, Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006) ("When property has been seized pursuant to the criminal laws or subjected to in rem forfeiture proceedings, such deprivations are not 'takings' for which the owner is entitled to compensation.").

The court dismissed the claim under the due process clause because plaintiff was not alleging that defendants were acting in accordance with state procedures and plaintiff has an adequate remedy under state law. Dkt. #42 at 3-4. See also Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss

is available."). In particular, Wis. Stat. § 968.20 authorizes a claim in Wisconsin circuit court for the return of property seized by law enforcement during a criminal investigation. Jones v. Farmer, No. 00-C-515-C, 2000 WL 34230090, at *3 (W.D. Wis. Oct. 18, 2000).

Plaintiff has not identified any reason to reconsider these rulings. Accordingly, if plaintiff continues to believe that the government has refused to return property unlawfully, he should follow the procedure under Wis. Stat. § 968.20 for obtaining that property in *state* court. Under the circumstances of this case, this court has no authority to require the return of any property.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Portage County, Jeff Coey, Anthony Gischia, Mike Schultz and Ben Beaudoin, dkt. #49, is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 27th day of June, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge